**KINGDOM OF THE NETHERLANDS v. FERRARY MARINE REPAIRS, Inc.**

No. A. 18743.

United States District Court
E. D. New York.

April 7, 1953.

Burlingham, Hupper & Kennedy, New York City, proctors for libellant, by Benjamin E. Haller, New York City.

Macklin, Speer, Hanan & McKernan, New York City, proctors for respondent, by Leo F. Hanan, New York City.

BYERS, District Judge.

This is a libellant's motion under Admiralty Rule 32, 28 U.S.C.A., for discovery of respondent's policies of insurance which may be in existence, indemnifying it against claims arising for property damages incurred in connection with its ship repairing operations; the scope and terms of any such policies manifestly could not be clearly stated in the papers, but no one asserts ignorance of the true subject matter of the motion.

The respondent is in bankruptcy and has been since August 4, 1949, which was nearly one and one-half years after the filing of the libel. The cause pleaded has to do with the alleged negligence of Ferrary Marine Repairs, Inc., in making repairs to the S. S. Vernon L. Parrington

pursuant to a contract entered into on April 18, 1947.

The opposition to the motion is purely technical, and not without plausibility, namely that the policy "does not 'contain evidence material to any matter involved in the action', as required by Admiralty Rule 32.''

Since the alleged negligence of the respondent does not turn even in part, upon its having protected itself by indemnity for possible claims against it of that nature, the existence of such a contract is not material to the issue.

However, it may be material to any matter involved in the action, if it be conceded that collectibility in whole or in part, may be so described. Few litigations are undertaken solely to vindicate legal principles or philosophy, but rather to obtain so material a reward as dollars and cents.

Moreover the trustee in bankruptcy may be well advised to render such aid and assistance to the libellant as would result from making full discovery on this subject of insurance, having in mind the special relief that it may afford to him for the benefit of the general creditors because this claim, if successfully liquidated against him, may be payable from funds not otherwise available to the trustee.

In the belief that more good will result to all whose interests the Court must consider, than harm can come to the rule itself by this possibly urbane construction of it, the motion will be granted.

Settle order.